# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 26, 2012

Lyle W. Cayce
Clerk

No. 12-50213
USDC No. 6:07-CV-25
Summary Calendar

ELLOYD JOHNSON,

Plaintiff-Appellant

v.

D. GROUNDS; ASSISTANT WARDEN K. DEAN; E. GARZA; EASTHAM UNIT - HEALTH SERVICES DIVISION; TWO UNKNOWN SERGEANTS, EASTHAM UNIT; GUY SMITH; HUGHES UNIT RANK OFFICERS; HUGHES UNIT NON-RANK OFFICERS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas

Before JOLLY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Elloyd Johnson, Texas prisoner # 840854, moves this court for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of a motion captioned "Leave to Amend Extraordinary Writs Under Prohibition and Mandamus Alternatively." Johnson's motion sought to amend the complaint in a closed 42 U.S.C. § 1983 proceeding. By moving to proceed IFP, he is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5).

The district court held that Johnson had not demonstrated extraordinary cause or a clear and indisputable right to relief that would allow the court to authorize him to file either a petition for writ of prohibition or a writ of mandamus. Johnson argues that the district court erred in denying him permission to appeal IFP because he has been allowed to appeal IFP in the past and his status has not changed. He does not address the district court's certification that his appeal was not taken in good faith, nor does he address any of the district court's reasons for its certification decision. *See Baugh*, 117 F.3d at 202. Accordingly, his challenge to the district court's certification decision is deemed abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Additionally, Johnson has not shown that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Accordingly, Johnson's motion for leave to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

This dismissal counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Johnson is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.